Juan Armando **RIVERA–FIORENTINI**; et al., Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–74022.

Agency Nos. A72–114–121, A72–114–122, A72–114–123.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2004.*

Decided Feb. 18, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Earle B. Wilson, Anthony W. Norwood, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM**

Juan Armando Rivera–Fiorentini, his wife Dora Ana Vida–Rivera, and their daughter, Carolina (collectively Rivera), are natives and citizens of Peru. They petition for review of the summary affirmance by the Board of Immigration Appeals (BIA) of the denial of their applications for asylum, 8 U.S.C. § 1158(a), and withholding of removal, 8 U.S.C. § 1231(b)(3). As this is a streamlined case, we review the decision of the immigration judge (IJ). 8 C.F.R. § 1003.1(a)(7); *Al–Harbi v. INS*, 242 F.3d 882, 887 (9th Cir.2001). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it.

*INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "To reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir.1997).

▮ Rivera argues that the IJ improperly based his determination on the lack of a clear connection between the soccer game fight in 1989 and later threats that Rivera received, because the telephone threat that Rivera was needed by "Sendero" was enough to show imputed political opinion as an imperialist based on Rivera's work for American companies. However, the IJ considered each of the incidents and whether there was a nexus between them because Rivera relied on all of them. Substantial evidence supports the IJ's finding that the fight at the soccer match (which included a team sponsored by Rivera's company) was an isolated argument between opposing fans. There is no compelling evidence that Rivera's being assailed in a taxi by unknown persons was on account of a protected ground rather than because of a desire for information about his work. *Cf. Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (holding that an assault on a taxi cab driver, in which he was hit, kicked, and briefly detained by the police, did not compel the conclusion that the driver suffered past persecution on account of his political opinion or race). Finally, neither the telephone calls to Rivera, which inquired about places he had worked, nor the threatening calls to his wife compels a conclusion of past persecution. "Threats standing alone [ ] constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

actual 'suffering or harm.' " *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (quoting *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997)).   Here, the threats by themselves, or considered in combination with the soccer match incident and taxi interrogation, are not sufficiently compelling to require reversal.  *Cf. Salazar–Paucar v. INS,* 281 F.3d 1069, 1071 (9th Cir.2002) (concluding that threats made by the Sendero Luminoso, when accompanied by physical beatings of relatives and murders of people holding the same political office as petitioner compelled finding of past persecution), *as amended by* 290 F.3d 964 (9th Cir.2002).

Although Rivera's fear of returning to Peru is credible, and thus he has satisfied the subjective component of a well-founded fear of future persecution, we cannot say that the evidence compels a finding that persecution is objectively a reasonable possibility.  *See Meza–Manay v. INS,* 139 F.3d 759, 763 (9th Cir.1998) (noting the objective component requires a showing "by credible, direct, and specific evidence in the record, that persecution is a reasonable possibility") (internal quotations and citation omitted). The IJ's finding that the Sendero Luminso situation in Peru has changed since the family left is supported by the 1999 State Department country report in the record.   Rivera's testimony does not compel a different finding.

As Rivera failed to meet the less-stringent standard for asylum, necessarily he fails to meet the stricter standard for withholding of removal.  *See, e.g., Mejia–Paiz v. INS,* 111 F.3d 720, 725 (9th Cir.1997).

PETITION DENIED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.